UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN DAVIS, TDCJ #00637944, | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-18-2285 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § § § | |

## <u>MEMORANDUM AND ORDER</u>

The petitioner, Herman Davis (TDCJ #00637944), is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of a parole revocation proceeding. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the case must be dismissed without prejudice for reasons explained briefly below.

# I.    BACKGROUND

Davis reports that he was convicted of aggravated robbery on August 4, 1992, and sentenced to 80 years' imprisonment in Dallas County Cause No. F92-43184.  Davis, who is currently confined at the Pack Unit in Navasota, does not challenge that conviction here.  Instead, he challenges a parole revocation proceeding that took place on May 17, 2017.

Davis contends that he is entitled to relief from the revocation of his parole for the following reasons:  (1) he was denied the right to counsel during his parole revocation hearing; (2) he was coerced to sign papers that waived his right to a preliminary hearing without due process; (3) the parole board wrongfully deprived him of previously earned good-time credit following the revocation of his parole; (4) the parole board violated policy by deciding to revoke rather than reinstate his parole or assign him to an intermediate sanction facility; and (5) he has been denied "street time" credit in violation of the Separation of Powers Doctrine. Davis has raised these claims in a state habeas corpus application, which remains pending in state court.

# II.    EXHAUSTION OF REMEDIES

As a matter of law, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the

courts of the State." 28 U.S.C. § 2254(b)(1)(A).  This means that a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

In Texas, a criminal defendant may exhaust remedies by taking the following paths:  (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* Tex. Code Crim. Proc. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004)

("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure. *See, e.g., Ex Parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (citing *Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)). As with claims pertaining to a criminal trial, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted. *See Evans*, 964 S.W.2d at 648 (citing *Ex parte Woodward*, 619 S.W.2d 179 (Tex. Crim. App. 1981); *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993)).

Davis concedes that he has filed a state habeas application with the trial court to challenge his parole revocation and that the application remains pending. Public records reflect that the Texas Court of Criminal Appeals recently remanded the application to the trial court for further proceedings on the first two claims that he raises in his federal petition. *See Ex parte Herman Davis*, No. WR-88,268-01 (Tex. Crim. App. April 18, 2018). It follows that Davis has not completed state habeas corpus review under Article 11.07 of the Texas Code of Criminal Procedure or exhausted state court remedies before seeking federal review. Because this state process remains ongoing, Davis does not fit within a recognized exception to the

exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has completed its consideration of the petitioner's claims. Therefore, the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.  <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because jurists of reason would not debate whether the procedural ruling in this case was correct, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The petition for a writ of habeas corpus filed by Herman Davis [Doc. #1] is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on <u>August 15</u>, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE